# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR T. BUSSIERE,<br>Plaintiff,<br>v.<br>STU SHERMAN,<br>Defendant. | **Case No. 1:16-cv-00899-DAD-JLT (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. 1)**<br><br>**30 DAY DEADLINE** |

In this action, Plaintiff alleges that, because of his medical condition, he is illegally housed at the Substance Abuse Treatment Facility in Corcoran, California and should be transferred to either R.J. Donovan State Prison, or Mule Creek State Prison.[1] Because his allegations lack specificity to state a cognizable claim, the Complaint is **DISMISSED** with leave to amend.

**A. Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary

[1] The Court notes that Plaintiff has filed a notice of change of address indicating that he is now residing at Mule Creek State Prison. (*See* Doc. 6.)

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If an action is dismissed on one of these three basis, a strike is imposed per 28 U.S.C. § 1915(g). An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

**B. <u>Summary of Plaintiff's Complaint</u>**

Plaintiff complains that he "was made Cocci 1" and, per policy, CDCR has 60 days to transfer him to RJ Donovan due to his "high risk medical" and permanent need for a wheelchair, but because of his wheelchair he was not transferred. Plaintiff alleges that, SATF (where he currently is housed) is not a "high risk prison" and that he has been endorsed to Mule Creek Level II high risk medical yard, but he has not been transferred there either because of being wheelchair bound. Plaintiff alleges that the only defendant, Warden Stu Sherman, denied his transfer, in violation of CDCR's policy and his constitutional rights. Plaintiff seeks monetary damages and transfer to RJ Donovan or Mule Creek -- both of which are able to care for inmates with high risk medical conditions.

Plaintiff has not stated any cognizable claims, but may be able to correct the deficiencies in his pleading so as to state a cognizable claim. Thus, he is being given the pleading requirements, the standards for deliberate indifference to serious medical needs under the Eight Amendment, and leave to file a first amended complaint.

**C. <u>Pleading Requirements</u>**

**1. Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If he chooses to file a first amended complaint, Plaintiff should endeavor to make it as concise as possible. He should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis.

**2. Linkage Requirement**

Under the Civil Rights Act (42 U.S.C. § 1983), the plaintiff must demonstrate an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act,

participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff must clearly state which Defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis as his complaint must put each Defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

**3. Exhibits**

Plaintiff's Complaint is comprised of 3 pages of factual allegations followed by 21 pages of exhibits.

The Court is not a repository for the parties' evidence. Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). If Plaintiff attaches exhibits to his amended complaint, each exhibit must be specifically referenced. Fed. R. Civ. Pro. 10(c). For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing. Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3").

At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief. Plaintiff is reminded that, for screening purposes, the Court must assume that Plaintiff's factual allegations are true. It is unnecessary for a plaintiff to submit exhibits in support of the allegations in a complaint. Thus, if Plaintiff chooses to file a first amended complaint, he would do well to simply state the facts upon which he alleges a Defendant has violated his constitutional rights and refrain from submitting exhibits.

///

///

**D. Claims for Relief**

**1. Eighth Amendment -- Medical Care**

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

The existence of a condition or injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and the existence of chronic or substantial pain are indications of a serious medical need. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)) (quotation marks omitted); *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994). Plaintiff provides no explanation what he means by his allegation that he "was made Cocci I." It may be that Plaintiff intended to allege that he was diagnosed with a certain stage of Valley Fever, but this is not at all clear from his pleading.

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835 (quoting *Whitley*, 475 U.S. at 319). "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff has failed to allege any allegations to specifically show that any prison personnel

was deliberately indifferent to his serious medical condition. This is insufficient to state a cognizable Eighth Amendment violation. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

**2. Inmate Appeals**

It appears that Plaintiff's only complaint against Warden Sherman is that he denied an inmate appeal Plaintiff filed requesting to be transferred.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard

who rejects an administrative complaint about a completed act of misconduct does not." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) citing *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996). Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails, and is unable to prove the elements of a constitutional violation purely for the processing and/or reviewing of his inmate appeals.

However, Plaintiff may be able to prove the elements for a claim under the Eighth Amendment for deliberate indifference to his serious medical needs against those medical personnel who were involved in reviewing his inmate appeals. If Plaintiff meets his burden of proof as to the elements of a claim against a defendant for deliberate indifference to his serious medical needs, he will likely also be able to meet his burden of proof as to the elements of a claim against defendants with medical training if they reviewed and ruled against Plaintiff in his medical grievances/appeals on that same issue. However, Plaintiff's allegations do not show that Warden Sherman has any medical training and/or basis upon which he should have granted Plaintiff's inmate appeal and approved his transfer to another facility.

**3. Supervisory Liability**

It appears that Plaintiff may have named Warden Sherman not because he was involved in his medical care, but merely because he holds a supervisorial position.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*,

885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 677. "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Id.* Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only liable for his or her own misconduct. *Id.*

"'[B]are assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* Thus, any allegation that supervisory personnel such as Warden Sherman is somehow liable because of the acts of those under his or her supervision does not state a cognizable claim.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed with leave to file a first amended complaint within thirty days. However, the Court notes that Plaintiff has filed a change of address indicating that he is now housed at Mule Creek State Prison. (*See* Doc. 7.) Thus, if Plaintiff no longer desires to pursue this action, he may file a notice of voluntary dismissal.

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, the Court **ORDERS**:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within 30 days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal.

**If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **September 26, 2016**

**/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE