# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR T. BUSSIERE,<br><br>    Plaintiff,<br><br>    v.<br><br>STU SHERMAN,<br><br>    Defendant. | 1:16-cv-00899-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER, FAILURE TO PROSECUTE, AND FAILURE TO STATE A CLAIM**<br><br>(Docs. 8, 9)<br><br>**30-DAY DEADLINE** |

On September 26, 2016, the Court dismissed the Complaint because it failed to state any cognizable claims and granted Plaintiff leave to file an amended complaint within thirty days. (Doc. 8.) More than thirty days passed without Plaintiff filing an amended complaint or other response to the Court's Order. Thus, on November 10, 2016, the Court ordered Plaintiff to show cause why this action should not be dismissed (Doc. 9). The Court warned Plaintiff that his failure to respond to the Court's order would result in dismissal of this action for his failure to comply. (Doc. 9.) More than 30 days have lapsed and Plaintiff has not responded.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a

1

court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).  Based on Plaintiff's failure to comply with or otherwise respond to the OSC, there is no alternative but to dismiss the action.

Accordingly, the Court **RECOMMENDS** that this action be dismissed with prejudice based on Plaintiff's failure to obey a court order, failure to prosecute this action, and failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 22, 2016**              **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE

2